STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT
CHAVES COUNTY

5th DISTRICT COURT CHAVES CO.
FILED '23 JUL 20 PM4:37

BEVERLY FLORES, individually, and
as Representative of the Estate of
VICTOR IVAN BARRON, Decedent, and
as Mother and Next Friend of
KLARISSA VALVERDE, a minor and sibling of Decedent,
EVELYNN HERNANDEZ, a minor and sibling of Decedent,
JOSE A. BARRON, sibling of Decedent
SELENA VILLA, sibling of Decedent,
  Petitioners,
vs.

No. D-504-CV-2023-283

CHAVES COUNTY SHERRIFF'S OFFICE (CCSO),
MIKE HERRINGTON, DAVID WHITZEL,
*SAMUEL LUERAS*, RICARDO DELGADO,
ANDRES SALAS, ISSAC NAVA, JOHN DOE 1,
Individually and in their official capacities,
And
ROSWELL POLICE DEP. (RPD),
PHIL SMITH, *ABREM ATENCIO*,
*DANIEL FLOTT*, TREVIS REESE,
MARK FUENTES, TODD SHANGROD,
CODY SCHWARTS, STEVEN ROSSER,
BRANDON SPEIGHTS, ADAM RHODES,
BRADLY M. BAILEY, CONNER WATKINS,
ANNA ROMERO, HUMBERTO LOYA,
CRYSTAL GONZALES, DERIK LITTLE,
GUSTAVO GARCIA, JOE A. SMITH, DA'ZA NIQUE KIDD,
JAMES I. AGUILAR, RICHARD R. ROMERO,
CAMMIE AGUIRRE, JOHN DOE 2,
Individually and in their official capacities,
  Respondents,

Exhibit 1

## AMMENDED- COMPLAINT FOR DAMAGES

**JURISDICTION & VENUE**

1. Jurisdiction & Venue are proper in the Fifth Judicial District Court in Chaves County, New Mexico pursuant to Sections 41-4-1 through 41-4-27 NMSA 1978, the New Mexico Tort claims Act, Mexico Tort Claims Act, and Title 42,§1983 of the U.S.C.

2. This Complaint for damages incurred by Petitioners, resulted from an incident which happened on April 15-16, 2021, with all atrocious actions and unlawful practices, including acquiescence, and failures to stop the illegal conducts complained of herein occurring within the City of Roswell, Chaves County, New Mexico.

3. This action was timely filed under NMSA 1978 §41-4-15, within the 2 year statute of limitations period, as the end date for filing fell on a Saturday.

**PARTIES**

4. Petitioner, individually, and as Decedent VICTOR IVAN BARRON's Representative, Beverly Flores ("FLORES"), Petitioners Selena Villa ("VILLA"), Jose A Barron ("BARRON") Klarissa Valverde ("VALVERDE")-a minor, and Evelynn Hernandez("HERNANDEZ")-a minor-, were and are all residents of the State of New Mexico and County of Chaves.

5. Victor I Barron, Decedent, ("VICTOR") was a resident of the State of New Mexico and County of Chaves.

6. On information and belief, at all times complained of herein, all Respondents were and still are residents of the State of New Mexico and County of Chaves.

7. At all times complained of herein, individually and in concert, Respondent's, actions and failures to act were all done under Color of Law, regulation, custom, and/or usage of the State of New Mexico and;

8. Petitioners were deprived of federal constitutional rights, privileges and immunities by Respondents' wrongful acts and failures to act complained of herein;

9. Respondents, individually and in concert, by refusing to initiate standard police protocol, by participating in wrongful acts, by acquiescence, and by failures to abrogate the illegal actions complained of herein waived their immunity from suit under the New Mexico Tort Claims Act, Sections 41-4-1 through 41-4-27 NMSA 1978.

10. At all relevant and material time frames herein, all named Respondents were, are, or should have been, duly appointed, certified, qualified deputies and officers of the law, expected to conduct their law enforcement obligations abiding official protocols, statutes, and rules recognized by State of New Mexico compliant training.

11. At the relevant and material time frames, Mike Herrington ("HERRINGTON") was and still is employed by the Chaves County Sheriffs' Office CCSO, was and still is the CCSO Sherriff, having supervisory level responsibilities, was acting within the scope of his duties in his official and individual capacities and in concert with other Respondents herein.

12. At the relevant and material time frames, David Whitzel ("WHITZEL"), Samuel Lueras ("LUERAS"), Ricardo Delgado ("DELGADO"), Andres Salas ("SALAS"), Isaac Nava ("NAVA"), and John Doe 1 ("DOE1"), were and still are employed by CCSO, acting within the scope of their employment in their official and individual capacities and in concert with other Respondents herein.

13. At the relevant and material time frames, Phil Smith ("SMITH") was and still is employed by the Roswell Police Department RPD, was and still is the RPD Captain having supervisory level responsibilities, acting within the scope of his duties in his official and individual capacities and in concert with other Respondents herein.

14. At the relevant and material time frames, *Abrem Atencio ("ATENCIO"), Daniel Flott ("FLOTT"),* Trevis Reese ("REESE"), Mark Fuentes ("FUENTES"), Todd Shangrod ("SHANGROD"), Cody Schwartz ("SCHWARTZ"), Steven Rosser ("ROSSER"), Brandon Speights ("SPEIGHTS"), Adam Rhodes ("RHODES"), Bradley M. Bailey ("BAILEY"), Conner Watkins ("WATKINS"), Anna Romero ("ROMERO"), Humberto Loya ("LOYA"), Crystal Gonzales ("GONZALES"), Derik Little ("LITTLE"), Gustavo Garcia ("GARCIA"), James A. Smith (" J.SMITH"), Da'Za Nique Kidd ("KIDD"), James I. Aguilar ("AGUILAR"), Richard R. Romero ("R.ROMERO"), Cammie Aguirre ("AGUIRRE"), and John Doe 2 ("DOE2"), were employed by RPD and were acting within the scope of their duties, in their official and individual capacities and in concert with other Respondents herein.

15. At all relevant and material time frames, Respondents CCSO HERRINGTON and RPD SMITH, were authorized decision-makers, including specific duties to properly vet before hiring their law enforcement deputies/ officers, the responsibility to supervise, direct, otherwise control their deputies and officers in hierarchy structure, the responsibility to oversee the efficacy of its deputies/ officers training, and use progressive disciplinary corrective actions, when training on "use of force" fails and "excessive force" is used.

16. At all relevant and material time frames complained of herein, Respondents Chavez County Sheriff's Office (CCSO), and Roswell Police Department (RPD), were and still are organized entities existing and structured under New Mexico State Laws.

17. At all relevant and material time frames complained of herein, CCSO and RPD Respondents are legally responsible and liable for the incident, damages, and injuries proximately caused by conduct of their employees, by either actual and/or constructive knowledge or ignorant of deficient policies, practices and or customs, tolerated and promulgated these deficiencies by

acting with customary indifference to the consequences and effects of these policies, resulting in deprivations and violations in respect to NM State and/or United States Federal constitutional rights, privileges, and immunities of Decedent VICTOR including injury to family-Petitioners .;

## FACTS RELEVANT TO CLAIMS

18. On the night of April 15, 2021 allegedly starting at approximately 11:27 pm, CCSO Respondent WHITZEL, who was accompanied by a ride along civilian, a Mr. "TREVOR SMITH" attempted a traffic stop of Decedent VICTOR.

19. Respondent WHITZEL, with alleged 20 years of law enforcement experience knew or should have known traffic rules and regulations, police protocol and standard operating procedure when attempting the traffic stop on Decedent VICTOR.

20. Respondent CCSO WHITZEL did not have a concrete reason to conduct the traffic stop on Decedent VICTOR, alleging various basis- no operable lights, and a "call out traffic stop on a possible DWI vehicle."

21. WHITZEL's conduction of the traffic stop was performed in a way not like an ordinary traffic stop by a reasonable prudent officer that would have determined no practical grounds to demand Decent VICTOR

Exhibit 1

to turn of the engine, throw the keys, and place both hands out the window, which caused Decedent VICTOR to fear for his life, and flee from the traffic stop.

22. .Decedent VICTOR was known to CCSO and RPD Respondents, prior to April 15, 2021.

23. Decedent VICTOR was known to CCSO and RPD Respondents to be on probation resulting from a criminal conviction, prior to April 15, 2021.

24. The vehicle Decedent VICTOR was driving was known to CCSO and RPD Respondents as belonging to Decedent VICTOR's mother, Petitioner FLORES, prior to April 15, 2021.

25. CCSO and RPD Respondents knew that Decedent VICTOR lived with his mother, Petitioner FLORES and his minor siblings, Petitioners VALVERDE and HERNANDEZ, prior to April 15, 2021.

26. CCSO and RPD Respondents knew or should have known that Decedent VICTOR and Petitioners FLORES, VALVERDE and HERNANDEZ had close family relationships with each other, prior to April 15, 2021.

27. When Decedent VICTOR fled the traffic stop, he immediately called his mother, Petitioner FLORES, and told her that *"no matter what I do, they are going to kill me"*.

28. .CCSO and RPD Respondents knew or should have known that their act of killing Decedent VICTOR would cause Petitioners FLORES, VALVERDE and HERNANDEZ extreme mental anguish, pain and suffering.

29. CCSO and RPD Respondents knew or should have known deescalating techniques, and basic communication skills due to their law enforcement employment duties dealing with their community.

30. On information and belief Respondents CCSO and RPD, WHITZEL, FLOTT, and all other Respondents with indifference to Decedent VICTOR's voice trying to verbally communicate at the initial traffic stop, and proximate to the shooting when Decedent VICTOR yelled at

officers "call my mom, call Beverly Flores" a Respondent CCSO or RPD officer answered "to late now".

31. On information and belief CCSO and RPD respondents failed to use any type of deescalating techniques and did not give Decedent VICTOR and type of commands prior to the shooting, until he was on the ground fatally injured.

32. On information and belief, when the alleged "threat" was contained, Respondent CCSO and RPD officers with deliberate indifference to the life of Decedent VICTOR without hesitation continued to excessively shoot Decedent VICTOR causing him extreme physical, emotional, and mental pain.

33. The act of shooting Decedent VICTOR multiple times by CCSO and RPD Respondents was unreasonable based on the factual circumstances as they existed at the time and place of the shooting.

34. On information and belief, either a CCSO or an RPD Respondent had also ran over, Decedent VICTOR at some time during their encounter with him prior to his death.

35. On information and belief, CCSO and/or RPD Respondents sometime after the shooting, physically beat and assaulted Decedent VICTOR, in such a grossly way that perturbs the mind of Petitioner FLORES and or any other human in like situations.

36. On information and belief, Decedent VICTOR was stabbed prior or during his encounter with Respondents CCSO and RPD.

37. CCSO and RPD Respondents, failed to provide First Aid by qualified personnel, and failed to instruct, DELGADO, DOE 1, WHITZEL, SCHWARTZ, and SHANGROD, whom knew they had no First Aid training, proceeded to render "First Aid" on Decedent VICTOR, which caused more injuries.

38. CCSO and RPD Respondents, wanton omissions to preservation of Decedent VICTIOR's life, and the danger it faced due to multiple gunshot injuries, on information and belief Respondents negligently delayed emergency medical attention fatal to Decedent VICTOR.

39. Respondents CCSO and RPD performed with negligent indifference concerning the safety of the public, by shooting Decedent VICTOR proximate to a hospital were bullet casings were picked of the hospital exterior walls.

40. No reasonable, prudent law enforcement person would have operated with such, low standard of care in the performance of their official law enforcement duties as shown by the facts in this case

41. Decedent VICTOR, who was simply attempting to flee CCSO and RPD Respondents, did not pose a threat of immediate death or serious physical injury to any Respondent or any other person.

42. Decedent VICTOR, who was simply attempting to flee CCSO and RPD Respondents, did not attempt to fight any Respondent and did not pose a threat of even a minor injury to any Respondent or any other person.

43. As a result of Respondents CCSO and RPDs' acts and failures to act complained of herein, Petitioners suffered and still are suffering great mental pain and anguish, extreme emotional distress, social and public anxiety, and extra guarding of law enforcement including fear for own lives.

## CAUSES OF ACTION

**LOSS OF CONSORTIUM**

44. Petitioners incorporate paragraphs 1-43 herewith, as if fully set forth herein.

45. All Petitioners herein had close, intimate family relationships with Decedent VICTOR, he

lived with and was a member of the same household as Petitioners; his mother FLORES, and siblings ("his little sisters"), VALVERDE, and HERNANDEZ, minors and;

46. Decedent VICTOR helped his mother, Petitioner FLORES, when she worked on their home, and helped Petitioners his mother FLORES and siblings VALVERDE and HERNANDEZ, do the dishes, throw the trash, tidy the living room, and tend to the care of household pets and his beloved Pit-bull Guera.

47. Decedent VICTOR, his mother Petitioner FLORES, and siblings Petitioners BARRON, VALVERDE, and HERNANDEZ often watched mutual favorite movies like "Finding Nemo", "Forest Gump", and "The Shashank Redemption".

48. Decedent VICTOR helped his mother Petitioner FLORES pay the household expenses and "pitch-in" gas money.

49. Decedent VICTOR and Petitioner FLORES had a close familial mother/ friend relationship to where they could just look at each and knew what the other was thinking, that can no longer be, due to his death caused by Respondents CCSO and RPD's reckless acts and failures to act according to official deputy/officer training.

50. CCSO and RPD Respondent's acts and inactions executed on Decedent VICTOR, have caused Petitioner FLORES to be bitter and angry and feel loss of direction on daily routines and enjoyment of life as when Decedent VICTOR was alive.

51. Decedent VICTOR had a close relationship with minor siblings, Petitioners VALVERDE and HERNANDEZ, he was not only a confidant, they no longer enjoy his jokes, childhood

stories, and funny faces, his relationship was almost as a father figure to them, because of the fact that their fathers were not in their lives for extended periods of time.

52. Petitioners VALVERDE and HERNANDEZ will be forced to grow up without the companionship, guidance, love, enjoyment, and support of Decedent VICTOR because of Respondents CCSO and RPD deputies/ officers reckless acts and refusal to act as prudent reasonable law enforcement officials.

53. Decedent VICTOR and Petitioner BARRON had a close familial relationship, Petitioner BARRON daily craves the conversations and suffers the loss of enjoyment of life and the presence of his little brother Decedent VICTOR.

54. Petitioner BARRON, constantly cries bitterly for the loss of his little brother Decedent VICTOR, he is unconnected, and angry, suffers extreme mental and emotional anguish the loss of companionship, and brotherly love of Decedent VICTOR because of CCSO and RPD Respondents wanton wrongful acts.

55. Decedent VICTOR and Petitioner VILLA had a close family relationship, Petitioner VILLA suffers the loss of her little brother Decedent VICTOR as they were each other protectors and social companions.

56. Petitioner VILLA is mother of 4 boys whom constantly tell her they wish "tio" Decedent VICTOR was still alive. VILLA's boys jog her memories of their uncle Decedent VICTOR

because he would support and comfort her and entertain and play videos games with the boys when Petitioner VILLA needed a break.

57. Decedent VICTOR, clearly was fully invested in the companionship, society, love and affection of his mother Petitioner FLORES and siblings, Petitioners BARRON, VILLA, VALVERDE, and HERNANDEZ.

58. Petitioners FLORES, BARRON, VILLA, VALVERDE, and HERNANDEZ extremely suffer the loss, and have been forced to endure life without the companionship, love, enjoyment, support, guidance, and society of their beloved Decedent VICTOR, due to the fact that his life was "cut short", by Respondents CCSO deputies and RPD officers individually and conjunctively, wrongful acts and refusals to act.

59. Petitioners loss of consortium was caused by CCSO and RPD Respondents, as set forth herein; by grossly negligent acts, acquiescence, and refusals to stop the tortious acts, including promulgating ridicule, and indifference to the value of Decedent VICTOR's life.

**NEGLIGENCE**

60. Petitioners incorporate paragraphs 1-59 herewith of this complaint, as is fully set forth herein.

61. All CCSO and RPD Respondents, including WHITZEL, DELGADO, LUERAS, ATENCIO, and DOE 2, knew or should have known basic traffic laws, and privileges, immunities, and rights of legal licensed NM drivers, and officer duties and standard operation procedures when enforcing such laws, including safe and legal traffic stop performed on Decedent VICTOR.

62. Respondents CCSO and RPD, WHITZEL, LUERAS, with their claimed Law enforcement experience, and DELGADO, ATENCIO, and DOE 2, knew or should have known their presence at Decedent VICTOR's traffic stop, under the circumstances, could be invoked as a threat, would or could instigate fear and provoke fleeing, and was excessive and unreasonable,

and a violation of privileges, immunities, and constitutional rights of Decedent VICTOR.

63. Respondents CCSO and RPD, WHITZEL, DELGADO, LUERAS, ATENCIO, and DOE 2, in conjunction with other Respondents, by negligence, by wanton, and by indifference to abide by their training, by acquiescence, and /or defective leadership, created the situation to initiate the unlawful pursuit leading to and causing the death of Decedent VICTOR.

64. CCSO and RPD Respondents, individually and in conjunction failed to intervene and stop the unreasonable excessive initial and continued actions when there was over 22 patrol units of Respondents CCSO and RPD actively pursuing Decedent VICTOR, of which was stopped and continued three separate intervals enough time for any CCSO and /or RPD Respondent to intervene.

65. Respondents CCSO HERRINGTON, and RPD SMITH, breached their supervisory duties by not enforcing their supervisory level responsibilities and failed intervene in the unlawful police pursuit, and tortious conducts and excessively shooting Decedent VICTOR causing his death.

66. CCSO Respondent HERRINGTON breached his duty of care by failing to supervise or exercise control or direction of his deputies, by continued implement of identified defective policies, by acquiescence of excessive force used by officers, by failing to use progressive corrective actions on such officers, including LUERAS whom also participated in shooting an unarmed man *"3 weeks"* prior to Decedents VICTOR'S shooting.

67. Decedent VICTOR had he not been killed, by the illegal actions, by acquiescence, and failures to intervene and stop the deliberate negligent actions performed by CCSO and RPD Respondents, would have felt extreme mental anguish and would have brought a personal injury claim against CCSO and RPD Respondents.

**WRONGFUL DEATH**

68. Petitioners hereby re-alleges and incorporate paragraphs 1-67 herewith of this complaint, as if fully set forth herein.

69. CCSO and RPD Respondents knew or should have known the excessive unlawful, atrocious actions on Decedent VICTOR ending his life, was unreasonable and was performed in reckless and grossly way that perturbs and distresses the minds of Petitioners, unlike any sufferance felt, not tolerable to any common human.

70. CSO and RPD Respondents, WHITZEL, LUERAS, DELGADO, ATENCIO, and DOE 1's, malicious actions and irresponsible failures to act as professional prudent officers knew or should have known that overly active law enforcement in this incident, was dangerous to everyone involved and created the environment to instigate fear and initiate the pursuit of Decedent VICTOR leading to his wrongful death for no factual interest or legal purpose.

71. CCSO and RPD Respondents, LUERAS, ATENCIO, FLOTT, and other unknown shooters, indifference to duty of care owed to suspects, civilians, and their departments, breached that duty by wantonly or by ignorance, used grossly, excessive force, recklessly shooting Decedent VICTOR, violating his state, and federal constitutional civil rights causing his death.

72. CCSO and RPD Respondents, individually and in concert with one another, are liable by failures to intervene and stop Respondents LUERAS, ATENCIO, FLOTT, and unknown Respondents from their use of excessive force on Decedent VICTOR without provocation or legal purpose causing his death.

73. CCSO and RPD Respondents refused to use other forms of seizures when Decedent VICTOR was surrounded by multiple armed officers, Respondents knew or should have known it was unlikely Decedent VICTOR would be able to continue to flee and avoid arrest.

74. CCSO and RPD Respondents, knew or should have known that due to the fatal injuries Decedent VICTOR received he was in critical need of emergency medical attention, which on information and belief was not rendered until hours later.

75. CCSO and RPD Respondents, lack of prudence in their actions, wantonly or by ignorance, by lack of training, by acquiescence, and failures to intervene to stop performing unlawful acts, are liable for using excessive force and other vicious acts on Decedent VICTOR terminating his life and breaking the family circle of Petitioners as set forth herein.

**LOSS OF FAMILIAL ASSOCIATION**

76. Petitioners incorporate paragraphs 1-75 herewith, as if fully set forth herein.

77. Respondents CCSO and RPD had duties to act as prudent reasonable officers of the law when performing their official duties lawfully and under the scope of their employment when they conducted that traffic stop on Decedent VICTOR.

78. Respondents CCSO and RPD, had a duty to intervene the unlawful performance of all CCSO and RPD Respondents under scope of their official duties, by failing to stop and refusing to act as a reasonable prudent officer while witnessing the tortious actions performed on Decedent VICTOR.

79. Respondents CCSO and RPD breached their duty of care, by performing unlawful acts, by acquiescence, and / or by fear of desertion, and by failures to stop the callous, distorted wrongful acts inflicted on Decedent VICTOR leading to his death.

80. Respondents CCSO and RPD acts complained of herein of this petition, Respondents CCSO and RPD would have known that their grossly negligence, heinous acts, and reckless conduct would affect Petitioners' familial relationships, and should have known that killing Decedent

VICTOR would bring an array of discontent and discord to his mother Petitioner FLORES due to him no longer "being".

81. All Petitioners herein had close, intimate family relationships with Decedent VICTOR, he was a member of the same household as Petitioners; his mother FLORES, and siblings ("his little sisters"), VALVERDE, and HERNANDEZ, minors.

82. Decedent VICTOR and Petitioner FLORES worked on their home as a team, Decedent VICTOR picked up and rolled the heavy old roof and Petitioner FLORES inspected and took notes of damage and which boards needed replacement, and,

83. Decedent VICTOR was to start college in fall 2021, with Petitioner FLORES's return to college, they had plans together, that can no longer be due to Respondents CCSO and RPD killing Decedent VICTOR by grossly, wanton, unreasonable excessive force, violating state and federal clearly established laws.

84. Petitioner HERNANDEZ- minor, states of Petitioner FLORES and Decedent VICTOR-"ever since Brother VICTOR was killed, my mom is gone too".

85. The CCSO and RPD Respondents who individually and in conjunction, performed unlawful actions and also shot Decedent VICTOR multiple times, after he was already severely injured, committed those acts in such a heinous and atrocious manner that those actions shocked the conscience, were arbitrary, egregious, outrageous, were grotesque, brutal, and offensive and was either clear abuse of their authority and/ or their acts were done solely as instruments of oppression.

## RELIEF REQUESTED

Petitioners incorporate paragraphs (1-85), hereby pray and request that the fact finder in this case award all damages in an appropriate amount in this case, including all funeral and related expenses already incurred: compensatory damages for mental anguish and pain and suffering incurred by Petitioners for Respondents wrongful acts; damages for the loss of the future, and value of Decedent VICTOR's life, his help, society, and contributions to Petitioner's lives; all other damages reasonable and appropriate to Petitioners' claims herein and; grant any other or further relief deemed necessary.

Respectfully submitted by Petitioner, Beverly Flores, individually, on behalf of all named Petitioners, and as Representative of the state of Victor Ivan Barron.

Jose A. Barron          */s/ Jose A Barron*

Selena Villa            */s/ Selena Villa*

Beverly Flores          */s/ Beverly Flores*
Klivkaan@gmail.com
325 E. Ballard
Roswell, NM 88201
(505) 208-9210