UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BEVERLY FLORES, et al.,

    Plaintiffs,

v.                                                                                                      Civ. No. 23-762 MLG/GJF

CHAVES COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Plaintiff Beverly Flores's Motion to Appoint [her] as Representative of the Estate of Victor I. Barron [ECF 21].[1] The Court held a telephonic hearing on January 4, 2024, at which it asked a series of questions of Ms. Flores relating to the estate of her deceased son and her efforts to retain counsel to represent the Plaintiffs, including the estate and her minor children. Mindful that Ms. Flores began her efforts to retain counsel as far back as July *2021*, and that by her estimation she has consulted—without success—as many as 25-30 lawyers in multiple states, the Court will permit Ms. Flores 30 additional days (until February 5, 2024) to have a licensed attorney file an entry of appearance on behalf of the Estate of Victor Barron and Ms. Flores's minor children, K.V. and E.H.

"The right to proceed *pro se* in a civil action in federal court is guaranteed by 28 U.S.C. § 1654." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). However "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause[;] . . . rather, a 'person must be litigating an interest personal to him.'" *Id*. at 1299–1300 (citation omitted).

---

[1] By an Order of Reference filed November 22, 2023, this matter was referred to the undersigned to perform any legal analysis required to recommend an ultimate disposition of the case. ECF 33.

As this case is currently postured, Ms. Flores is attempting to prosecute this action not just *pro se* for her own individual claims, but *also* in a representative capacity for those claims belonging to the Estate and her minor children. Yet as Ms. Flores admitted during the hearing, she is not an attorney authorized to practice before this Court. The Local Rules of this Court require entities other than natural persons to be represented by an attorney. *See* D.N.M. LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court.").

In addition to running afoul of the Local Rule, Ms. Flores's representation of another individual (such as her minor children) or an entity (like the estate of her deceased son) would amount to the unauthorized practice of law in New Mexico. *New Mexico v. Rivera*, 2012-NMSC-003, ¶ 9. ("[N]o person shall practice law in this state or hold himself or herself out as one who may practice law in this state unless such person is an active member of the state bar. Our rule applies to *all* courts of this state, without exception.") (internal quotations omitted); *see also United States v. Lain*, 773 F. App'x. 476, 477 (10th Cir. 2019) (holding that a trustee may not represent a trust unless he or she is a licensed attorney); *Molina v. New Mexico*, No. 2:16-cv-163 JB/KRS, 2021 U.S. Dist. LEXIS 35815, at *2–3 (D.N.M. Feb. 25, 2021) (stating only attorneys can represent "[a] corporation, partnership or business entity other than a natural person").

For the foregoing reasons, the Court will hold in abeyance the Motion to Appoint [Plaintiff Flores] as Representative of the Estate of Victor I. Barron [ECF 21]. It is **ORDERED** that Plaintiff Flores shall have until **February 5, 2024**, to have a licensed attorney file an entry of appearance in this case on behalf of the Estate of Victor Barron and Ms. Flores's minor children, K.V. and E.H. The Court advises the parties that, in the event no attorney enters an appearance on behalf of those parties by that deadline, the Court will issue a Proposed Findings and Recommended Disposition that recommends to the presiding judge that (1) the claims of the Estate and the minor children be

dismissed without prejudice, (2) the remaining claims be remanded back to state court for lack of federal jurisdiction, and (3) all other pending motions be denied without prejudice as moot.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE