# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

BEVERLY FLORES, et al.,

     Plaintiffs,

v.                                                                                    Civ. No. 23-762 MLG/GJF

CHAVES COUNTY SHERIFF'S
OFFICE, et al.,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

THIS MATTER comes before the Court on Plaintiff Beverly Flores's Motion for a Written Order to Appoint [her] as Representative of the Estate of Victor I. Barron [ECFs 21, 39]. Defendants responded to both motions [ECFs 27, 40]. For the reasons discussed below, the Court **RECOMMENDS** (1) denying Ms. Flores's Motion to Appoint her as Representative of the Estate of Victor I. Barron, (2) dismissing without prejudice all of the Estate's and minor children's claims because Ms. Flores cannot represent any interest as a *pro se* litigant other than her own, and (3) remanding Plaintiffs' remaining state law claims to state court.

## I.  BACKGROUND

Plaintiffs filed this action in the Fifth Judicial District Court for the State of New Mexico. ECF 1. Defendants removed it to federal court based on federal question jurisdiction. In their Amended Complaint, Plaintiffs bring claims stemming from Chaves County law enforcement fatally shooting Ms. Flores's son after a traffic stop. ECF 31-1 (proposed Amended Complaint).[2] The Amended

---

[1] By an Order of Reference filed November 22, 2023, this matter was referred to the undersigned to perform any legal analysis required to recommend an ultimate disposition of the case. ECF 33.

[2] The Court GRANTS Ms. Flores's Motion to Amend [ECF 31], because amendment should be freely given when justice so requires, and Defendants do not object to Ms. Flores's Motion to Amend. Fed. R. Civ. P. 15(a)(2); ECF 34 ("[T]he Defendant does not object to the filing of the proposed 2nd Amended Complaint.").

Complaint includes claims for loss of consortium and familial association, gross negligence, wrongful death, spoliation of evidence, and conspiracy. *Id*. In this litigation, Ms. Flores purports to represent herself, her two minor children (K.V. & E.H.) who were siblings of the decedent, and the Estate of her deceased son. ECF 31-1; *see also* ECF 37 (hearing minutes where Ms. Flores explained the familial relationships at play in this case).

On January 4, 2024, the Court held a telephonic hearing at which it asked questions of Ms. Flores relating to the Estate of her deceased son and her efforts over the last two and a half years to retain counsel to represent the Plaintiffs. ECF 37. Ms. Flores stated that she had attempted to become the personal representative of the Decedent's Estate but was required by the state court to obtain a signature from the Decedent's father, which she did not do. *Id*. Ms. Flores also explained that she was not a licensed attorney and had contacted many attorneys about this case, but none had agreed to represent the Plaintiffs. *Id*.

Shortly after the hearing, the Court issued an Order giving Plaintiffs a final extension of thirty days to retain an attorney. ECF 38. The Order explained that if no attorney entered an appearance during that time, the Court would recommend dismissal of the Estate and minor children's claims and remand of the remaining claims to state court. *Id.* After the thirty-day period elapsed, Ms. Flores filed a motion explaining that she was still unable to retain a lawyer and requesting that the Court rule on the motion to appoint her as representative of the Estate. ECF 39.

## II.    ANALYSIS

### A.  Ms. Flores can only represent herself.

Ms. Flores is a *pro se* litigant currently attempting to represent herself, the Estate of her deceased son, and her minor children. ECFs 21, 31-1. Defendants argue that Ms. Flores may not represent her deceased son's Estate or other individuals as a non-attorney because such representation would be an unauthorized practice of law. ECF 27. The Court agrees.

2

"The right to proceed *pro se* in a civil action in federal court is guaranteed by 28 U.S.C. § 1654." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). However, "'because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause[;]' . . . rather, a 'person must be litigating an interest personal to him.'" *Id.* at 1299–1300 (citation omitted).

As this case is currently postured, Ms. Flores is attempting to prosecute not just her own individual claims, but is *also* attempting to serve in a representative capacity for those claims belonging to the Estate and her minor children.  Yet as Ms. Flores admitted during the hearing, she is not an attorney at all, much less one authorized to practice before this Court.  The Local Rules of this Court require entities other than natural persons to be represented by an attorney. *See* D.N.M. LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court.").

In addition to running afoul of Local Rule 83.7, Ms. Flores's representation of another individual (such as her minor children) or an entity (like the Estate of her deceased son) would amount to the unauthorized practice of law in New Mexico. *New Mexico v. Rivera*, 2012-NMSC-003, ¶ 9. ("[N]o person shall practice law in this state or hold himself or herself out as one who may practice law in this state unless such person is an active member of the state bar. Our rule applies to *all* courts of this state, without exception.") (internal quotations omitted); *see also United States v. Lain*, 773 F. App'x. 476, 477 (10th Cir. 2019) (holding that a trustee may not represent a trust unless he or she is a licensed attorney); *Molina v. New Mexico*, No. 2:16-cv-163 JB/KRS, 2021 U.S. Dist. LEXIS 35815, at *2–3 (D.N.M. Feb. 25, 2021) (stating only attorneys can represent "[a] corporation, partnership or business entity other than a natural person"); *Greene v. U.S. Postal Serv.*, 745 F. App'x 299, 300 (10th Cir. 2018) ("minor children must be represented by attorneys").

Because Ms. Flores is not an attorney, she can only represent herself and bring her own claims

*pro se*. Additionally, she is not the Estate's personal representative nor its sole beneficiary.[3] For all these reasons she cannot represent the Estate. Furthermore, as a *pro se* litigant, she also cannot bring claims on behalf of her minor children. Thus, the claims belonging to the Estate and the minor children should be dismissed without prejudice.

### B. Plaintiffs' Federal Claims

Liberally construed, Plaintiffs' Amended Complaint alleges a claim under 42 U.S.C. § 1983 for excessive force in violation of the federal constitution. ECF 31-1 (only mentioning United States constitution once when stating officers used excessive force). This case was removed to federal court on a similar basis. ECF 1 (removing case because Plaintiffs alleged a § 1983 claim for excessive force under the Fourth and Fourteenth Amendments).

Section 1983 provides the path to vindicate a violation of a plaintiff's federal civil rights. *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989). Section 1983 provides that any "person" acting under color of state law who "subjects . . . [another] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 remedies are only awarded "to the party injured," not their next of kin. *Harold v. Univ. of Colo. Hosp.*, 680 F. App'x 666, 673 (10th Cir. 2017) (citing *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)). As a result, only the estate of a decedent can bring a wrongful death claim under § 1983. *Id* (dismissing husband's § 1983 claims related to the death of his wife because the claims were not brought by the wife's estate).

Ms. Flores is unable to represent the Estate of her son as a non-attorney. In addition, because only the Estate can bring claims for the alleged federal civil rights violations the Decedent endured,

---

[3] At the hearing, Ms. Flores confirmed that her son's father resides in the Republic of Mexico. She further confirmed that her son died intestate. The Court notes that New Mexico's intestacy statute provides that the son's Estate would be left equally to his surviving parents. N.M. Stat. Ann. § 45-2-103.

and because no licensed attorney represents the Estate, all federal claims in this case should be dismissed without prejudice.

### C.  Remand of State Law Claims

Plaintiffs originally filed their Complaint in the Fifth Judicial District Court of the State of New Mexico. ECF 1-1 at 1. In addition to their federal claims, they alleged numerous state law claims which remain in the Amended Complaint. ECFs 1-1, 31-1. These state law claims include, *inter alia*, loss of consortium and familial association and negligence or gross negligence. ECFs 1-1, 31-1.

Under the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). District courts may decline to exercise supplemental jurisdiction over a claim if they have dismissed all claims over which they have original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The U.S. Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "When all federal claims have been dismissed, the [federal district] court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court thus recommends dismissing without prejudice all federal claims in this case, declining to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and remanding this proceeding to state court for adjudication of the state law claims.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** denying Ms. Flores's Motion to Represent the Estate of Victor I. Barron [ECF 21] and dismissing all the Estate's claims, which includes all federal claims, without prejudice.

**THE COURT FURTHER RECOMMENDS** that all the unrepresented minor children's claims should be dismissed without prejudice.

**FINALLY, THE COURT RECOMMENDS** that the presiding judge **REMAND** the remaining *pro se* state law claims to the Fifth Judicial District Court of the State of New Mexico.

**SO RECOMMENDED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.